## NADEAU v. HENRY DISSTON & SONS, Inc.
### Civil Action No. 4296.

District Court, E. D. Pennsylvania.

May 28, 1946.

Cohen & Cohen, of Philadelphia, Pa., for plaintiff.

Joseph Gilfillan, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This action was brought against the plaintiff's employer, Henry. Disston & Sons, to recover alleged unpaid minimum wages, liquidated damages and attorney's fees and costs pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1069, 29 U.S.C.A. § 216(b).

The question involved is entirely one of fact, whether the plaintiff was employed in a bona fide executive 'capacity and therefore exempt from the coverage of the Act under Section 13(a) (1), 29 U.S.C.A. § 213 (a) (1), thereof.

The cause having come on to be heard by the Court without a jury, on the basis

of the pleadings and the evidence, I make the following:

### Findings of Fact

1. Henry A. Disston & Sons, Inc., defendant, employed the plaintiff, Edward A. Nadeau, from February 7, 1943, to September 15, 1944, when the plaintiff resigned because of dissatisfaction over a three-day lay-off.

2. Defendant hired the plaintiff at a salary of $40 per week for forty-four hours with straight time for all hours worked in excess thereof. In August, 1943, the plaintiff received an increase of $7.50 per week, upon the same conditions.

3. At the time of his employment, the plaintiff was placed in charge of the shipping department of the defendant's armor plate division.

4. When first employed the plaintiff had under his direct supervision eight or nine employees. At all times he had no less than four employees under his direct supervision.

5. The plaintiff's time was spent chiefly in supervising the employees under him, directing and checking over their work, and exercising executive and discretionary powers.

6. The plaintiff's recommendations concerning the employees under him were given particular weight.

### Discussion

The testimony in this case was given by two witnesses: By the plaintiff in his own behalf, and by one R. J. Fesmier, plaintiff's superior during the period of his employment, on behalf of the defendant. It is sufficient to say at this point that I fully credit the evidence given by Fesmier.

The defense to plaintiff's claim is based soley on the provision of the Act exempting from coverage executive employees; the principal issue here is whether the plaintiff's work carried the essential characteristics of the exempted class. For these characteristics, it is necessary to examine the regulations promulgated by the Administrator of the Wage and Hour Division.

Since plaintiff began his employment in February, 1943, the applicable regulation is that issued by the Administrator, October 12, 1940, effective October 24, 1940 (5 F.R. 4077), as Title 29, Chapter V, Code of Federal Regulations, Part 541, amended January 17, 1942 (7 F.R. 332).[1]

Section 541.1 of this regulation defines the term "employee employed in a bona fide executive * * * capacity," as used in the Act, to mean any employee—

"(A) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(B) who customarily and regularly directs the work of other employees therein, and

"(C) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and

"(D) who customarily and regularly exercise discretionary powers, and

"(E) who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and

"(F) whose hours of work of the same nature as that performed by nonexempt employees do not exceed twenty percent of the number of hours worked in the workweek by the nonexempt employees under his direction; provided that this subsection (F) shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment."

It is my opinion that the evidence amply establishes that inherent in plaintiff's position were the characteristics set forth in paragraphs (A), (B), (D), and (E) of the Section quoted. I think the evidence further establishes the existence of the characteristics described in paragraphs (C) and (F).

---

[1] See 2 CCH Labor Law Service Par. 31,301. This replaces the regulation issued October 19, 1938, effective October 20, 1938 (3 F.R. 2518).

While it is evident that the plaintiff did not have the right to hire or fire, the credible evidence discloses that the plaintiff did on one occasion make a recommendation as to the firing of an employee, and that his recommendation was given such weight as to procure the dismissal of the employee. The evidence, therefore, is sufficient to support the conclusion that the plaintiff had the right to make recommendations concerning the status of the employees under him, and that such recommendations were given weight. The fact that the plaintiff did not exercise his prerogative more frequently than once is not decisive. That the plaintiff had no say in the hiring of employees for his department is also of no consequence, although it does not appear that he could not have made such recommendations. The regulation in this respect is not in the conjunctive, as plaintiff asserts,[2] but uses the word "or." On this matter, note may be taken of the official interpretation placed on paragraph (C) as set forth in the Report and Recommendation of the presiding officer at the hearings held on the proposed revisions to the 1938 Regulations (which revisions are now in force). See 2 CCH Labor Law Service Par. 31,302. Concerning authority to "hire and fire," it was said

"Criticism of the phrase 'who has authority to hire and fire other employees,' has been based on the ground that in modern industrial practice the function of hiring is frequently delegated to a personnel department or director, even though the function of firing, or at least recommending dismissal, is normally retained by the supervisor in charge of the group. Accordingly it is felt that the value of the test will be retained and the requirement will be made more in accord with modern industrial employment practice by changing the word 'and' in the phrase 'hiring and firing' to 'or.' * * * (2 CCH Labor Law Service Par. 31,302.20)."

It is only necessary to note that the considerations which led to the change in the language of paragraph (C) are exactly those which pertain to the instant case.

As to paragraph (F), the plaintiff testified that during the course of his employment, towards the end thereof, the number of employees subject to his supervision and direction dwindled to one girl in the inner office, thereby making it necessary for him to do the work formerly accomplished by seven or eight employees. Doubt is cast upon this testimony by the fact that during the period when such transition is alleged to have taken place, the plaintiff worked less overtime hours than he had when a full complement of men was provided him. On the contrary, the testimony of Fesmier, which I fully credit, was that plaintiff never had less than four or five employees under him, and that when additional men were necessary either the plaintiff or Fesmier procured the necessary number from the shop foreman.

It is my conclusion, therefore, that the nature of plaintiff's employment was such as defined by the Administrator in Section 541.1 of the regulation as "executive."

Accordingly, I state the following:

## Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter.

2. Plaintiff, Edward A. Nadeau, was exempt from coverage by the Fair Labor Standards Act of 1938 under Section 13(a)(1) thereof, 29 U.S.C.A. § 213(a)(1).

3. Plaintiff is not entitled to recover in this action.

The complaint must be dismissed and judgment entered for the defendant. An Order may be submitted in accordance herewith.

---

[2] Plaintiff evidently has reference to the language used in the superceded regulation.