## NADEAU v. HENRY DISSTON & SONS, Inc.

### Civil Action No. 4296.

District Court, E. D. Pennsylvania.

Feb. 14, 1947.

For former opinion, see 65 F.Supp. 849.

Cohen & Cohen, of Philadelphia, Pa., for plaintiff.

Joseph Gilfillan, of Philadelphia, Pa., for defendant.

KALODNER, Circuit Judge.

The case to which these motions pertain was heard by this Court without a jury, and the disposition thereof is reported in 65 F. Supp. 849; hence, no review of the operative facts is necessary here.

The plaintiff's objection is that the findings of the Court are not supported by the evidence. To put it another way, it is that the defendant did not sustain its burden of proving that the plaintiff was an employee exempt from the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201, as provided in Section 13(a) (1) thereof, 29 U.S.C.A. § 213(a) (1). More particularly the plaintiff asserts that (1) there was insufficient evidence to show that he customarily and regularly exercised discretionary powers, and (2) the defendant failed to establish that characteristic of an executive employee which relates to the performance of nonexempt work.

There were but two witnesses: The plaintiff testified for his own interest and his superior testified in behalf of the defendant. The Court credited the testimony of the latter, and sees no reason now for changing its view in that respect.

Little need be said as to the plaintiff's first point. It involves a re-weighing of the facts and an argument on the inferences to be drawn. It is sufficient to note that nothing decisive or persuasive has been called to the attention of the Court to warrant a different conclusion.

Plaintiff's second point relates to Section 541.1(F) of the Regulation issued under the Act, effective October 24, 1940 (5 F.R. 4077), Title 29, Chapter V, Code of Federal Regulations, Part 541, amended January 17, 1942 (7 F.R. 332). This defines an employee employed in a bona fide executive capacity as one, among other things, "whose hours of work of the same nature as that performed by nonexempt employees do not exceed twenty percent of the number of hours worked in the workweek by the nonexempt employees under his direction." Plaintiff contends that this characteristic was not established.

The record supports the conclusion that Nadeau, at the commencement of his employment, did no work of the same nature as that performed by the nonexempt employees under him. Nadeau's own testimony was that towards the end of his em-

ployment, the force under his direction was reduced from eight or nine employees to one, and that he had to do the work of the others himself. The question simply is whether the plaintiff is to be credited in his statement that the character of his work changed; that I have answered in the negative. There were, in fact, never less than four or five employees under his supervision, where there were formerly eight or nine. But Nadeau admitted that the reduction in forces was the result of a decrease in quantity of work due to contract termination. Moreover, Nadeau could have secured, and did secure, additional men when necessary. The fact that these men were drawn from a common pool is unimportant; it is significant that they were supplied at his request and being placed under his supervision, remained there while they did the work he directed them to do.

The motions are denied. An order may be entered accordingly.